BROWN, Appellant, v. GWIN et al.

Division Two, June 19, 1906.

1. **SETTING ASIDE DEED: Mistake and Fraud: Subsequent Purchasers.** A deed cannot be set aside as against subsequent purchasers who bought the land without any knowledge or notice that would put them on their inquiry, that the deed to their grantor did not correctly describe the land and had been obtained from an illiterate woman by fraud and misrepresentations on the part of their grantor.

2. ———: ———: **Character of Proof.** A court of equity has power to correct a mistake in the description of the land as made in the deed, but it will do so, even when the rights of subsequent purchasers have not intervened, on parol evidence, only when that evidence is clear and convincing.

3. ———: ———: ———: **Matter for Chancellor.** While plaintiff was an illiterate woman, and therefore the transaction by which defendant obtained a deed from her to the land will be carefully scrutinized, yet her long delay in ascertaining her alleged mistake that she had made a deed for one tract when she thought she was signing a deed for a different tract less valuable, the close proximity of her residence to the tract in dispute, the exercise by the grantee of the right to sell portions of the tract, his positive denial of the mistake, the evidence that her son assisted in measuring the land before she signed the deed, make a case in which the chancellor was better able to measure the evidence than this court, and this court will not interfere with his finding that it lacked that clear, cogent and convincing character which the law requires for setting aside so solemn an instrument as a deed to land.

197 Sup.—32

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

AFFIRMED.

*Hawkins* and *Brewer & Collins* for appellant.

*Faris & Oliver* for respondents.

GANTT, J.—This is a suit in equity begun in the circuit court of Pemiscot county, to set aside a deed made by the plaintiff, Sarah E. Brown, sometimes known as Mrs. Louie, to the defendant Mollie Gwin about the 27th day of June, 1898, for a parcel of ground 105 feet north-and-south by 900 feet east-and-west on the north side of the right of way of the St. Louis, Kennett & Southern railroad, now a portion of the St. Louis & San Francisco railroad. The land is a part of the northeast quarter of the southwest quarter of section 23, township 19, range 11, in Pemiscot county, Missouri.

The suit was commenced and made returnable to the November term, 1901. The petition in substance states that on the 27th of June, 1898, the plaintiff bargained and sold to one of the defendants, Frank M. Gwin, certain real estate in the northeast quarter of the southeast quarter of section 23, township 19, range 11, in Pemiscot county, and in or near the town of Pascola in said county, within the following metes and bounds: Commencing 210 feet east on the north boundary line of the right of way of the St. Louis, Kennett & Southern railroad, where the same enters and runs across the northeast quarter of the southeast quarter of said section from the west in Pemiscot county, Missouri, and more particularly known as southeast corner of the John L. Swail lot bought of Sarah E. Brown, running thence 210 feet along the northern boundary of the said St. Louis, Kennett & Southern Railroad Com-

pany's right of way, to a stake; thence north 420 feet; thence west 210 feet; thence south 420 feet to the place of beginning. That laboring under a mistake, plaintiff made, executed, signed and acknowledged, as she thought, a deed to the above-described land of the defendant, Frank M. Gwin, for twenty dollars; that plaintiff cannot read or write and was not familiar with the calls of the land; that the defendant, Frank M. Gwin, induced and caused her to sign a deed without the same being read over to her and without knowing its contents; that the said deed does not convey the property she bargained and sold to the said Frank M. Gwin, but she is advised that she signed and executed a deed to Mollie Gwin, the wife of said Frank M. Gwin, for an entirely different parcel of land, far more valuable than the one she intended to convey, to-wit: The tract of land commencing on the right of way of the St. Louis, Kennett & Southern railway where said right of way crosses the east boundary line of the northeast quarter of the southwest quarter of said section 23 on the east quarter section line of said northeast quarter of the southeast quarter, and running thence west along said north boundary line of said right of way 900 feet; thence north 210 feet; thence east 900 feet to the quarter section line aforesaid; thence along said quarter section line to the place of beginning. That plaintiff did not sell the last above-described land or any part thereof to said Frank M. Gwin, Mollie Gwin, his wife, or either of the other defendants herein named, and did not intend to make a deed to either of said parties for the last above-described premises; that said Frank M. Gwin on the 27th of June, 1898, presented her a deed without reading it to her, and under a misapprehension as to the lands she was conveying or the party to whom she was making the deed she was induced by the said Frank M. Gwin, through fraud and misrepresentation on his part, to make to the said Mollie Gwin a deed to the last above-described property; that the said

Mollie Gwin has conveyed parts of said land to A. P. Dorris, A. S. Thomas, and A. A. Russell, defendants herein; that the land she intended to convey was of the value of twenty dollars, but that the land included in the description of the deed which she executed by mistake, and a false and fraudulent representation of the defendant, is of the value of one thousand dollars; that she did not know at the time of the execution of said deed that she was making Mollie Gwin a deed to said premises; that Frank M. Gwin took the acknowledgment himself and the said deed had not been, as she was advised at the time of filing her petition, filed for record in the office of the recorder of deeds of said county; that said conveyance was either by the mistake of the scrivener, Frank M. Gwin, who drew the same, or purposely, fraudulently and corruptly so drawn; that it did not express the mutual interest of the parties. Plaintiff states that she is ready and willing to make a good and sufficient deed to the said Frank M. Gwin or his assigns to the property intended to be conveyed; that the said defendant refused to accept and make the aforesaid corrections, wherefore plaintiff prays for a decree directing and compelling the defendants to execute and reform said deed to the plaintiff for the property so conveyed by mistake and fraud, and for a judgment for the yearly rental of said premises for the years 1900 and 1901, and until said premises are delivered to plaintiff, the sum of one thousand dollars, and for such other and further relief that may be by the court deemed just and proper.

The defendants, Frank and Mollie Gwin, admit that they are in possession of the land last described in said petition, to-wit, the tract 900 feet long by 105 feet wide, but deny all the other allegations in the petition. The other defendants filed a general denial. The cause was submitted to the court on the 7th of March, 1902, and judgment rendered for the defendants. Within due time, the plaintiff filed her motion for new trial,

which was heard and overruled, to which she saved her exceptions and thereupon appealed to this court.

The evidence tended to show and it was admitted by the defendants, that the plaintiff prior to the 27th of June, 1898, was the owner of the tract of land in suit; that Mrs. Sarah E. Brown was illiterate and could neither read nor write. The plaintiff testified that she sold to the defendant, Frank M. Gwin, a lot of ground 210 feet east-and-west by 420 feet north-and-south, lying due east of John L. Swail's lot, for twenty dollars, and that she did not sell to Mrs. Mollie Gwin or anyone else, the tract which was 900 feet long east-and-west by 105 feet north-and-south north of the north line of the right of way of the St. Louis, Kennett & Southern railway and situated in the northeast of the southeast quarter of section 23, township 19, range 11, in Pemiscot county; that she was sixty-five years old, and the deed was prepared by defendant Frank M. Gwin, and her acknowledgment taken by him; that as soon as she learned that the defendant, Frank Gwin, claimed the land in controversy, she caused an investigation to be made, but could find no deed on record, and could not learn what land he did claim; that she found Frank M. Gwin and he undertook to adjust the matter by having her make a second deed to Iva Williams; that he prepared the second deed also and took her acknowledgment, plaintiff thinking she was getting a correction of her former deed, but this deed was not read to her. The evidence also tends to show that about the time of the contract of plaintiff with Frank M. Gwin, the plaintiff sold three other lots east of the tract which she claims to have sold to the defendant, Gwin, one lot to Al Campbell, 105 feet east-and-west by 210 feet north-and-south, and another to Dr. Burdett of the same dimensions, and the Swail lot 210 feet by 210 feet just east of the tract in controversy. John L. Swail, W. F. Garlan, George Louis, Joseph Hampton and Buck Smith all testified that they were present at the time the trade

was made between the plaintiff and Frank Gwin, and that the lot which plaintiff sold to Gwin was to be due east of the Swail lot and to be 210 feet east-and-west along the right of way, and 420 feet north-and-south. They all testified that they were present when the deed was prepared by the defendant, Frank Gwin, and was signed by the plaintiff, Sarah E. Brown, and that she could neither read nor write, and the deed was not read over to her before she signed it or afterwards.

The defendant, Frank Gwin, in his testimony admits that the deed was not read over to the plaintiff, but says that he offered to read it over to her, and that she told him that she would not understand the description if he read it to her; that just so it was the land that he had run off, and satisfied her son Howard, was all she wanted to know. He testified further that before he made the deed he and Howard Ingram, plaintiff's son, who was dead at the time of the trial, measured the land with a tape line, and Howard told his mother it was all right. In regard to making the deed to his wife, he testified that he did that in order that he himself could take the acknowledgment and said to the plaintiff, "Granny, just make the deed to my wife so I can take the acknowledgment." The other witnesses for the plaintiff denied that any such statement was made, or at least that they heard no such statement. On the part of the defendant, Benjamin Lewis testified that he was not present when the trade was made, but was at the house of the plaintiff when the deed was made; that he heard Gwin tell the plaintiff to make the deed to his, Gwin's wife; that Howard Ingram, the plaintiff's son, was present, and Dr. Burdett was there, he did not remember anyone else; that he went with Howard Ingram and Gwin to measure the land; that they first measured off one-half acre for Dr. Burdett, and then measured off an acre for witness, and then they measured off a tract 105 feet north-and-south and 900 feet east-and-west for Gwin; that he heard Howard

Ingram tell his mother that everything was satisfactory and to make the deed; that he was not present when the deed was written nor when the plaintiff signed it. The witness afterwards sold his lot to Swail.

A. P. Dorris testified that he was not present at the time of the trade between the plaintiff and Frank Gwin, or the making of the deed, and did not hear of any adverse claim on the part of the plaintiff to the land in suit until after he built his saloon. William Bracey testified for the defendants, but his testimony throws no light upon the controversy one way or the other. Gwin testified that John Swail and Joe Hampton, Buck Smith and Garland were not present when he traded for the lot in suit; that there was nobody there but Howard Ingram and Dr. Burdett in addition to himself and the plaintiff. He testified that he went to plaintiff's house that day to make and take the acknowledgments of the deeds from plaintiff to Burdett and Lewis and while there said to plaintiff he would like to buy two or three acres of land from her, or all that she had above the railroad in the woods, and she said she did not want to sell so much, she wanted to save it for her son, but that if the witness could make a deal with Howard, her oldest son, for an amount of two or three acres, it would be all right, and that he then and there agreed with her to buy the tract 900 feet long by 105 feet north-and-south to begin on the section line on the east. She referred him to Howard, her son, and Howard said he would go to the mill and get Ben Lewis and a tapeline and run off the land, and he did so.

While it is alleged in the petition that plaintiff's deed to Gwin was not recorded when she brought this suit on August 5th, 1901, the certified copy of said deed read in evidence, discloses it was recorded on August 1st, 1898.

It also appears that afterwards one West desired to purchase a lot from plaintiff just west of the section line between sections 23 and 24, and this led to the talk

between plaintiff and defendant Frank Gwin, and thereafter Gwin and and wife on the 3rd day of November, 1899, reconveyed to plaintiff a parcel of land, a portion of the 900 feet tract, commencing at a corner on section line between sections 23 and 24 north of said railroad for a starting corner, thence west parallel along said railroad 100 feet, thence north 105 feet, thence east 100 feet, thence south 105 feet to starting point, and on the same day plaintiff deeded to one Iva Williams, for the benefit of Frank Gwin, a tract 300 feet north-and-south by 300 feet east-and-west in said northeast quarter of the southeast quarter of section 23, township 19, range 11.

Thus matters remained until after defendant had conveyed three lots of this 900-foot tract to Dorris and others. There was testimony also that plaintiff had told different persons that Gwin owned the land down to the section line between 23 and 24.

It will be observed, first, that there is no allegation that Dorris and the other two defendants who bought from Mrs. Gwin had any knowledge whatever of any mistake in the deed from plaintiff to Mrs. Gwin and her deed to Mrs. Gwin was duly recorded when they bought. Not only this but Dorris testified that he had no notice whatever that plaintiff claimed there was a mistake in her deed. As to those defendants the decree of the circuit court was unquestionably correct.

As to the other defendants Gwin and wife and Iva Williams, there is no doubt of the power of the court of equity to correct a mistake in the description of land, but it is the settled law of this State that when it is sought to correct such mistake by parol evidence, it must be clear and convincing. Courts of equity do not grant the remedy of reformation upon a probability, nor even upon a mere preponderance of evidence but only upon a certainty of error. [Sweet v. Owens, 109 Mo. 1; Parker v. Vanhoozer, 142 Mo. l. c. 627; Griffin v. Miller, 188 Mo. l. c. 334.]

When plaintiff conveyed the land in suit to Mrs. Gwin, there was no town at this point. Land was rated at $10.00 per acre, in that neighborhood. At the time the suit was brought it had become village or town property and was much enhanced in value. While plaintiff is an illiterate old lady, and therefore the transaction must be carefully scrutinized, her long delay in ascertaining her alleged mistake; the close proximity of her residence to the tract in dispute; the exercise by Gwin of the right to sell portions of the tract; her subsequent taking a deed from Mrs. Gwin to a portion of the tract; the positive denial of the defendant of the mistake; the evidence that her son assisted in measuring the land before she conveyed it, makes the case one in which the circuit court was better able to weigh the oral evidence than this court. He saw the witnesses and observed their demeanor and he failed to find that clear, cogent and convincing evidence which the law requires to set aside so solemn an instrument as a deed to realty, and we are unable to convict him of error upon this record.

The judgment of the circuit court must be and is affirmed.

*Burgess, P. J.,* and *Fox, J.,* concur.