## EMILY M. FISCHER v. E. F. DENT et al., Appellants.

**Division One, June 2, 1914.**

**DEEDS: Description: Mistake: Reformation.** B in 1880 acquired by deed twenty-five and one-half feet of land and built upon it a building twenty-three and one-fourth feet wide called the "little store." In 1886 he acquired the thirty-five feet to the west, and erected upon it a building that also extended over the two and one-fourth feet left vacant on the twenty-five and one-half-foot strip. In 1907 defendants H & S purchased from B's widow the "little store," as the evidence of the negotiations shows, but their deed called for twenty-five and one-half feet. They took possession of the store lot, never suspecting that they were not in possession of all their deed called for, and soon sold the property to defendant D, his deed also granting twenty-five and one-half feet. In 1909 D discovered the discrepancy. *Held*, that both deeds, as well as a mortgage made in 1907 by the same description, must, at the widow's suit, be reformed so as to include only twenty-three and one-fourth feet.

Appeal from Dent Circuit Court.—*Hon. L. B. Woodside*, Judge.

AFFIRMED.

*J. J. Cope* for appellants.

(1) A general warranty deed like the one in question, can only be set aside when it is procured by fraud or undue influence, or by mistake, and such fraud, undue influence and mistake must be charged in the petition, and not only charged, but must be proven as charged. Anderson v. Gaines, 156 Mo. 664; Brown v. Fickle, 135 Mo. 495; Taylor v. Crocket, 123 Mo. 300; Studdard v. Wells, 120 Mo. 25. Moreover, the courts say that the mistake must be mutual and both the mistake and the agreement must be made out by satisfactory and clear evidence. Griffin v. Miller, 188 Mo.

334; Sweet v. Owens, 109 Mo. 1; Parker v. Vanhooser, 142, 327. (2) The breach of contract will not warrant the rescission thereof by a party if it was occasioned by his own faults, and this same principle of law and equity will apply in this case. If there is any mistake it is her mistake and not the mistake of another. It is held in the case of Griffin v. Miller, 188 Mo. 334, that the mistake, if there be one, must be mutual, and both the agreement and the mistake must be made out by satisfactory and clear evidence.

*William P. Elmer* for respondent.

(1) A court of equity will reform a written instrument where it fails by mistake to express the true contract and intention of the parties thereto, if the mistake was mutual or if the scrivener was acting for both parties, and made the mistake himself. Henley v. Sullivant, 154 S. W. 706; Brown v. Tusetoff, 138 S. W. 499. (2) A person who buys land in the visible possession of a third person is chargeable with notice of the title and the rights of the possessor to the premises. Squires v. Kimball, 208 Mo. 110; Shaffer v. Dettie, 90 S. W. 135.

BROWN, C.—This is a suit by the plaintiff against E. F. Dent, Mary A. Judson, Nathaniel D. Hobson and Earl A. Seay, defendants, to reform a deed made by the plaintiff April 27, 1907,

**Reformation of Deeds: Mistake.** to Hobson and Seay purporting to convey to them all the portion of lots two and three of block fifteen west side of the creek in the city of Salem, Dent county, Missouri, described as follows, to-wit: "Commencing thirty-five feet east of the northwest corner of said lot two, thence east twenty-five and a half feet, thence south one hundred and sixty-five feet, to the south line of lot three, thence west twenty-five and a half feet, thence north

one hundred and sixty-five feet, to the place of beginning.'' It will be observed that this description covers the east twenty-five and a half feet of the west sixty and a half feet of said lots two and three in block fifteen. It fronts north on fourth street and south on third street. The plaintiff contends, and so states in substance in her petition, that this description was a mistake and that the deed was intended by both parties to convey, and should have conveyed, the east twenty-three and one-fourth feet of said sixty and a half feet.

The plaintiff acquired the title to the sixty and a half feet by devise from her late husband Louis Fischer, who died about the year 1897. He acquired the twenty-five and a half feet described in this deed from E. L. Dye in 1880, and erected a brick building on the north end of it flush with the east line, and twenty-three and one-fourth feet wide and extending south from Fourth street, on which it fronted, about seventy feet, thus leaving a strip west of the building two and one-fourth feet wide. In 1886 he acquired the thirty-five feet adjoining it on the west and extending to the west line of lots two and three. He then erected on that part of his land west of the first building an-other building afterward called Fischer Opera House, which extended one hundred and thirteen feet south from the south line of Fourth street and occupied the entire thirty-seven and a half feet west of the first building constructed, which was commonly known as Fischer's little store. The walls of these two buildings were independent, although in actual contact, for a distance of sixty feet south from Fourth street. Thence to the south end of the little store, the wall of the opera house building was used as a common wall. The little store lot was vacant south of the south end of the building except that about twenty feet of the south end was occupied by a warehouse of the same width as the store. At the time of the sale to Hob-

son and Seay the store purchased by them was oc-
cupied by Murray, Bryson & Company, who attorned
to the purchasers and remained in possession; while
the opera house building was occupied by one Selby,
who kept the store which occupied the first story, and
ran the opera house on the second floor.

Mrs. Fischer resided in Detroit, Michigan. Mr.
T. A. Bruce of Salem was her agent with respect to
this property. Mr. Hobson proposed to him to buy the
little store and he wrote to Mrs. Fischer for terms.
She answered by letter addressed to Mrs. Bruce, con-
tained the following upon the subject of that deal:

"Mr. Bruce asks about the price of the two stores.
I have given him the prices. I will not change the
the prices. The little store I will not take less than
$4000 cash for, and for the big store $11,000. Would
take one-half cash and balance payable $1000 yearly,
secured by deed of trust, first mortgage, at six per
cent."

Mr. Bruce says he showed the letter to Mr. Hob-
son, who does not deny that he read this part of it.
There was a misunderstanding about its meaning;
both Hobson and Mr. Bruce thinking the time provi-
sion quoted applied as well to the little store as the
big one. After some further correspondence Hobson
and Seay acceded to Mrs. Fischer's terms after the re-
ceipt from her of the following letter:

"April 29th/07.            507 Field Ave.,
                                    Detroit, Michigan.
Mr. T. A. Bruce, Salem, Mo.

"Dear Friend:—I am in receipt of your letter
27th. Am sorry that you misunderstood my terms. I
asked $4000 cash for the little store and $11,000 for
the big store. The big store one-half cash and balance
in $1000 payments, yearly, with mortgage at six per
cent per annum, secured by deed of trust. I have a
copy of what I wrote to you.

"I have abstract of the property. Sorry that this turned up a misunderstanding. If you get the $4000 cash the sale is made. I do not want to bother with mortgage on the little store."

Hobson and Seay sold and conveyed the land to the defendant Dent by the same description on October 3, 1907, for $5000, and he took possession.

During the summer of 1909, Mr. Selby, the tenant of the opera house building, in doing some measuring to verify sidewalk bills, discovered that the description in the deed from Mrs. Fischer to Hobson and Seay covered two feet three inches of the east side of the opera house building, and went to Mr. Dent to talk with him about it. Mr. Dent immediately began to do some measuring himself, and the warehouse building on the south end of the lot, which had, up to that time, stopped at the extension of the line between the two buildings, having become dilapidated, he fixed it up, extending it two and one-fourth feet further west. Up to that time he says that he never knew that his land went any farther than the east wall of the opera house, but that he intended to purchase twenty-five and a half feet of the ground and thought that the little store building was that width. He said it got so dilapidated and rotten that he "took and tore it out and put it out on the line where it belonged." The defendant Mary A. Judson claimed under mortgage from Hobson and Seay, dated May 9, 1907, to secure $2000. The judgment of the court, after reciting the facts, is as follows:

"Wherefore it is considered and adjudged by the court that in equity and good conscience that the said deeds should be reformed so as to conform to the true intention of all parties to these transactions, and that twenty-three and one-half feet of ground will cover the entire building known as the little store building, including part of the wall adjoining of the opera house building, and that said amount of ground extending

back from the front to the rear of said lots is all that should be described in said deed and was all that all of the grantees in all of the above recited conveyances intended to buy and all that the grantors intended to sell; and that all of said instruments are hereby reformed and corrected so as to describe the real estate conveyed thereby and in each and every one of them hereinbefore recited, as follows, to-wit:

"A part of lots two and three, in block fifteen, west side of the creek, in the city of Salem, Dent county, Missouri, as follows, to-wit: Commencing thirty-seven feet east of the northwest corner of said lot two; running thence east twenty-three and one-half feet; thence south one hundred and sixty-five feet, to the south line of lot three; thence west twenty-three and one-half feet; thence north one hundred and sixty-five feet, to the place of beginning."

There can be no doubt as to the intention of both parties to the sale and transfer of the land in question from Mrs. Fischer to Hobson and Seay. Whatever might have been their idea as to the proper description to be employed to express it, there is no question as to the thing which was the subject of the transaction. They purchased the little store and the ground on which it was situated, the width of which was as perfectly marked by the width of the warehouse on Third street as by the width of the store on Fourth street. They took possession of that property, never suspecting that they were not then in possession of everything they had purchased. A tenant was in possession of the opera house building and no complaint was made by the purchasers of this property that he was not within his right in the occupation of every square foot of that building. The unquestioned possession of the respective parties measured the claim of each, and was for that reason evidence of their intention in the transaction which was the origin of that claim.

Mr. Dent stands in no different attitude with respect to this matter than the original purchasers. He, saw their possession as well as the possession of those who claim adversely to the description in his own deed and was bound to take notice of its nature, origin and extent. His promptness in extending the old warehouse two and one-fourth feet as soon as he heard of the difference between the position of the buildings and the description in the deeds, indicated that a new light had broken in upon him which he had never before seen or suspected. We do not understand that Mrs. Judson·is here complaining.

The judgment of the circuit court is affirmed. *Blair, C.,* concurs.

PER CURIAM.—The foregoing opinion of BROWN, C., is adopted as the opinion of the court. All the judges concur.