WILLIAM MAZE, Appellant, v. ERNEST BOEHM, et al.

Division Two, March 13, 1920.

1. **DEED: Mutual Mistake: Intention: Reformation.** A deed is presumed to express the final agreements of the parties only when it in fact expresses their intention. Where the intention of the parties is not expressed, but the deed recites mutual mistakes, a court of equity can reform it to express their intention.

2. ———: ———. **Character of Proof.** The burden of proof is on the party asserting that the deed did not express the intention of the parties, to establish the mistake and its mutuality, but such proof need not reach the high standard of beyond a reasonable doubt, but is sufficient if cogent, clear and convincing.

3. **LIMITATIONS: Possession: Pertinent to Good Faith.** Although a suit to quiet title does not turn on the question of adverse possession, but on the issue of mutual mistake in the description of the land in the deeds under which defendants claim, testimony regarding their possession is pertinent for consideration, as showing their good faith and intention in the transaction out of which their claim originated.

Appeal from Greene Circuit Court.—*Hon. Arch A. Johnson*, Judge.

AFFIRMED.

*Collins, Holloday & Stough* and *Hamlin & Hamlin*, for appellants.

(1) The deeds offered by the plaintiff established a complete chain of title in him, and a prima-facie presumption is indulged that they contain the ultimate intention of the parties. Griffin v. Miller, 188 Mo. 334. The bur-

den is upon the party asserting a mistake. And the mistake must have been mutual. Parker v. Vanhoozer, 142 Mo. 627. Courts of equity do not grant the remedy of reformation upon a probability, nor even upon a mere preponderance of evidence, but only upon a certainty of error. Brown v. Gwin, 197 Mo. 506. (2) The possession of the bank, Bucheit and Boehm was not adverse, and did not put the Statute of Limitations in operation, because each only claimed to the true line, and did not know they were occupying land called for by plaintiff's deed. Tamm v. Kellogg, 49 Mo. 118; Jacobs v. Moseley, 91 Mo. 462. They did not claim to the line as fixed by the building, but claimed to own the land described in their deed. In order to have held adversely they must have known they were occupying plaintiff's land and claimed to own same. McWilliams v. Samuel, 123 Mo. 662.

*Levi Engle* and *T. J. Murray* for respondent.

(1) "Equity has power to" and "will reform a written contract, which by reason of a mutual mistake of fact, fails, in a material particular, correctly to express an actual previous oral agreement." Henley v. Sullivant, 248 Mo. 672; Whittaker v. Lewis, 264 Mo. 208. (2) "If a deed is drawn by accident or mistake to embrace property not intended by the parties, equity will construe the grantee to be a trustee, and will execute the trust by reforming the deed or by ordering a reconveyance. It would be against natural right to allow a person to hold property which he never intended to buy, and which has come to him by such mistake." Perry on Trusts, sec. 186; Beach on Trusts and Trustees, sec. 111; Smith v. Walser, 49 Mo. 250; Neefe v. Seeley, 49 Mo. 209; Fitch v. Gosser, 54 Mo. 267; Leitensdorfer v. Delphy, 15 Mo. 160. (3) Visible possession is notice of the possessor's right and title. Squires v. Kimball, 208 Mo. 119; Davies v. Briscoe, 81 Mo. 27; Shafer v. Detie, 191 Mo. 391. (4) "The unquestioned possesssion of the respective parties

measured the claim of each, and was for that reason evidence of their intention in the transaction which was the origin of that claim." Fischer v. Dent, 259 Mo. 91.

MOZLEY, C.—This is an action brought by plaintiff against defendants to recover possession of, and quiet title to, the following described real estate at Fair Grove, in 'Greene County, Missouri, to-wit: Beginning 70 links east and 434.9 feet south of the southwest corner of the northeast quarter of the northeast quarter of Section 29, Township 31, Range 20, thence west 124 feet, thence south 60 feet, thence east 124 feet, thence north 60 feet to the place of beginning. This description includes the particular land in controversy in the present action. It is described in the decree of the court below as follows: "Beginning 70 links east and 445.44 feet south of the southwest corner of the northeast quarter of the northeast quarter of Section 29, Township 31, Range 20, thence west 124 feet, thence south 10 feet, thence east 124 feet, thence north 10 feet to the place of beginning."

The petition contains two counts at law. The first alleges ownership in the plaintiff and demands judgment for certain rentals alleged to be due him and for possession of the premises; the second count is an ordinary action to quiet title.

Defendant Boehm filed a separate answer in two counts, the first admitting that he claimed to own the land in fee simple and generally denying the other allegations of the petition. The second count is in equity and sets forth that M. S. Murrell was the orginal owner of all the first described land; that on the 11th day of April, 1906, he and his wife sold said land to the Bank of Fair Grove and executed and delivered to said bank a deed therefor, and said bank, thereupon, went into actual possession thereof. The bank thereafter sold to L. L. Cox the north 20.5 feet, described as beginning at the northeast corner of the land in controversy, but owing to a mistake of the parties in the description contained in the deed, said land was erroneously described and did

not convey the land intended to be conveyed. The bank continued in the actual possession of the land, claiming to own it, until May 3, 1909, when it sold the same, and other land adjoining it on the south, to one John Buchheit, and put him in possession thereof, but in making the deed to said Buchheit the land was mistakenly described and did not convey the premises intended to be conveyed. Buchheit took possession and remained therein until the 6th day of May, 1909, when he sold same and other lands adjoining it to defendant, Boehm, but owing to a mistake in making the deed said premises were not correctly described therein.

In the execution of the deeds in the chain of title which culminated in plaintiff, the same mutual mistake is present. Neither L. L. Cox, nor those claiming title to the land in controversy through or under him, including the plaintiff, ever bought or paid for or intended to buy and pay for said land in, controversy, neither did they or either of them ever set up any claim or interest therein, except the plaintiff, and he not until the mistakes in the several deeds were discovered in the spring of 1916.

The answer also pleads the ten-year Statute of Limitations.

Defendant Sanders filed a separate answer which amounts merely to a general denial.

With the issues thus made up they were tried to the court on the 25th day of November, 1916, with the result that the court decreed the title of the land in suit in defendant Ernest Boehm, and divested all title and interest or apparent title and interest out of plaintiff and invested same in said defendant. The court further decreed the correction of the erroneous descriptions in said deeds so as to make them conform to and express the mutual intention of the parties.

After an unsuccessful encounter with a motion for new trial and a motion to arrest the judgment, plaintiff duly appealed to this court.

I. Appellant makes five assignments of alleged error of the lower court which he says will justify this court in reversing the judgment. They are:

"1.   The court erred in rendering judgment in favor of the defendant, because the same is unsupported by the evidence and is against the law; and because under the evidence and the law the judgment should have been for plaintiff.

"2.   Because the record evidence showed that the fee-simple title is vested in plaintiff and that the court erred in holding the defendant proved an equitable title paramount to plaintiff's.

"3.   Because the court erred in holding that a mistake had been made in the execution of the deed made by Murrell to the bank and by the bank to Buchheit and Cox.

"4.   The court erred in allowing a witness to testify about a conversation he had with said Murrell, the plaintiff not being present, and any agreement they may have entered into would constitute no defense after the execution and delivery of the deed from said Murrell to said bank.

"5.   Because the judgment was for the wrong party and was wholly against the law and the evidence."

Appellant, in his brief, includes all of the above assignments, except assignment number 4, under one head.

He first contends "that the deeds offered by plaintiff established a complete chain of title in him, and a prima-facie presumption is indulged that they contain the ultimate intention of the parties," and cites in support thereof Griffin v. Miller, 188 Mo. 334.

**Mutual Mistake.**

This could only be true where the conveyance expresses the intention of the parties in fact, but not true where from a mutual mistake made the intention of the parties is not expressed.

In the case cited and relied on by appellant the court, after stating that at the common law where a contract or agreement was committed to writing if complete on its face, it was conclusively presumed that all prior ne-

gotiations were merged in the writing and that the terms thereof could not be contradicted or varied by parol evidence, added further on the same page: *"But from time immemorial courts of chancery have exercised the right to correct written instruments which have been erroneously framed, as where it is admitted or proven that an instrument intended by both parties to be prepared in one form, has by an undesigned insertion or omission, been prepared or executed in another."* (Italics ours).

That courts of equity have ample power to reform instruments burdened with mutual mistakes of the parties is no longer an open question in this State or any other State whose law we have had occasion to examine in our research upon this question in the instant case. [Horince v. Ins. Co., 201 S. W. 958; Williamson v. Brown, 195 Mo. 313, l. c. 332-333; Parker v. Vanhoozer, 142 Mo. 627; Ins. Co. v. Lead Co., 169 Mo. App. 561; Dougherty v. Dougherty, 204 Mo. 228; Moran Bolt & Nut Mfg. Co. v. St. Louis Car Co., 210 Mo. 729; Brown v. Gwin, 197 Mo. 506; 2 Pomeroy's Equity Jurisprudence, sec, 845; Thompson v. Phoenix Ins. Co., 136 U. S. 287, l. c. 295; Hartford Fire Ins. Co. v. McCarthy, 77 Pac. 90; Lansing v. Ins. Co., 93 N. W. 756; Corrigan v. Tiernay, 100 Mo. 277; Fischer v. Dent, 259 Mo. 86.]

It is true, as contended by appellant, that the burden of proof is on the party asserting the mistake and its mutuality as well. This is abundantly established by the authorities cited supra, but such proof need not reach the high requirement of "beyond a reasonable doubt."

In the case of Williamson v. Brown, supra, and many other cases, this court granted a decree to reform the instrument where there was a conflict in the evidence, the testimony, however, to establish that the mistake was made and the mutuality of the parties in making it, must be clear, cogent and convincing.

In the instant case the mistakes and their mutuality are conceded to have been made and to exist by the parties to the action. The plaintiff testified: *"In the latter part of February, 1916, I found that the land described*

*in my deed only took half of my store building and including half of another store building occupied by Mr. Boehm's tenant."* (Italics ours). This is a positive concession by both sides that the mistake existed and that they were mutually made, and therefore, fully meets the requirement of the rule that the proof must be clear, cogent and convincing, and with more certainty of its correctness.

Under the certainty of the existence of said mistakes and of their mutuality, the court not only had the power, as above pointed out, but it was its duty to decree a reformation thereof in accordance with the facts. We rule the point against appellant.

II. Under "Points and Authorities" appellant directs an argument to the effect that the Statute of Limitation has no application to the case and that the court erred in giving it consideration. Appellant made no objection to the testimony in regard to possession in the course of the trial, nor did he assign it as error either in the motion for new trial or in arrest of the judgment, and for this reason the contention might be disregarded under the rules of this court; but we deem it proper to say that the case did not turn on the question of adverse possession in the court below. Such testimony was, however, pertinent to be considered as showing the good faith of defendants and their intention in the transaction which was the origin of their claim. Fischer v. Dent, supra. The contention is without merit and will be overruled.

We hold that the judgment of the lower court was correct under the law and, accordingly, affirm it. It is so ordered. *Railey* and *White, CC.,* concur.

PER CURIAM:—The foregoing opinion of MOZLEY, C., is hereby adopted as the opinion of the court. All of the judges concur.