JOHN L. THOMAS, Plaintiff in Error, *vs.* THOMAS MATHEWS, Defendant in Error.

1. *Fraud, Limitations—Statute of—commences running, when.*—In actions for relief on the ground of fraud, the statute of limitations begins to run from the discovery of the fraud, and where the fraud is connected with the conveyance of realty, ten years constitutes the bar. (Hunter *vs.* Hunter, 50 Mo., 445.)

*Error to Iron Circuit Court.*

*John L. Thomas, pro se.*

*Fisher & Rowell* with *J. J. Williams*, for Defendants in Error.

ADAMS, Judge, delivered the opinion of the court.

This was an action in the nature of a Bill in Equity, to set aside an alleged fraudulent conveyance, charged to have been made by Robert Mathews to his brother, the defendant, in the year 1855, to defraud creditors prior and subsequent.

The answer denied all fraud and set up the statute of limitations of ten years after the making of the deed, and before the commencement of the suit.

On motion of the plaintiff, that part of the answer setting up the statute of limitation was struck out and the defendant excepted. But the whole case is now before this court with the evidence preserved in a bill of exceptions, and we will consider the case as though no such motion had been made or acted on. If there was any fraud in the conveyance from Robert Mathews to his brother Thomas Mathews, it was consummated at the time of the execution and recording of the deed in 1855. In actions for relief on the ground of fraud, the statute of limitations commences to run from the discovery of the fraud; and where the fraud grows out of realty or the conveyance of realty, ten years constitute the bar, and in regard to personalty, five years. See Hunter, *et al., vs.* Hunter, 50 Mo., 445, and cases cited.

There was no pretense that the alleged fraud, if any, was concealed and not discovered till within ten years before the commencement of this suit. There was no continuing fraud

shown by the evidence. The preponderance of testimony strongly tends to show, that all the improvements made on the land since the conveyances were made or paid for by the defendant, and that Robert Mathews was in possession merely as tenant of the defendant. Under this view, the plaintiff's action to set aside the alleged fraudulent conveyances was barred by the statute of limitations.

It is therefore unnecessary to discuss the evidence in detail, as the judgment was for the right party it must be affirmed.

Judge Wagner concurs.    Judge Bliss absent.