STARK et al. v. ZEHNDER et al., Appellants.

Division One, May 29, 1907.

1. **INSUFFICIENT ABSTRACT.** In the absence of a sufficient showing by the abstract that on the face of the court record proper there are entries showing that the motion for a new trial was filed, that it was overruled, and that a bill of exceptions was filed, the appellate court cannot consider any alleged error contained in the bill of exceptions.

2. **ABSTRACT: Bill: What They Should Contain.** The abstract should distinguish between what it intends to say is shown by the record proper and what it intends to say is shown by the bill of exceptions. The bill of exceptions alone should contain

the motions and exceptions to the rulings, but the record proper should show that the motions were filed and the rulings of the court upon them; it should also show that the bill of exceptions was filed and within time. The office of a bill of exceptions is to preserve those proceedings in a cause which do not appear in the record proper and the exceptions taken to the ruling; it cannot be used to preserve the record entries. It is made a part of the record only by proper entries in the record proper.

3. **NO RECORD ENTRIES: Matters Reviewable.** Where the abstract contains no record entries showing the filing of a motion for a new trial, or the overruling of such a motion, or the filing of a bill of exceptions, nothing contained in the purported bill of exceptions can be considered on appeal, and nothing except the pleadings and judgment set out as a part of the record proper.

4. **LIMITATIONS: Reformation of a Deed.** A right to maintain a suit in equity to reform a deed is barred after ten years from the date the right accrued. And if the deed was a lien on land given to secure the payment of money to become due by annual installments, and the mistake in the description of the land was mutual, the right accrued as soon as the instrument was executed.

5. ————: ————: **Wife's Lands: Money Judgment.** Where the defendant husband executed notes in January, 1892, to pay a certain debt, in ten annual installments, and secured their payment by a lien on land, and suit was brought on these notes in November, 1903, and the petition charges that the land was wrongfully described in the lien deed and asks that it be reformed, and defendant pleads the ten-year Statute of Limitations, and defendant's wife comes in on application to be made a party and by separate answer alleges that the land never was her husband's, but was bought with her money, wrongfully deeded to him, and pleads the ten-year Statute of Limitations to the plaintiff's right to reform the lien, the judgment for plaintiffs, it being conceded that the right to a reformation of the lien is barred by limitation, cannot stand on the theory that as a personal judgment against the husband it is a lien on the land the title to which stands in the husband's name on the record; because, if the land is really the wife's (which cannot be determined on this appeal, since there is no bill of exceptions) the fact that the title stood in her husband's name would not be conclusive of her defense.

6. ————: ————: **Possession of the land** by defendant is not necessary to maintenance of a suit to reform a deed.

7. ——: ——: **Discovery of Mistake.** The fact that plaintiffs did not discover the mistake in their lien deed for some years after it was executed did not prevent the running of the Statute of Limitations. Where the petition asks for relief on the ground of fraud, the action may be begun within five years after the discovery of the fraud, ten years being allowed for its discovery. But an allegation in the reply to defendant's plea of the Statute of Limitations that the mutual mistake was not discovered until ten years after the deed was executed, and charging no fraud, such as that defendant absconded or concealed himself so as to prevent the commencement of the action, states no defense to that plea.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED *(with directions).*

*E. R. Lentz* for appellants.

(1)   This action falls directly within the third clause of the statute and is barred by said statute. R. S. 1899, sec. 4272; Hoester v. Sammelman, 101 Mo. 619; Robsahl v. Lack, 35 Mo. 316.   (a)   The statute begins to run from the time the cause of action accrues. The cause of action accrues as soon as the party has a right to apply to the proper tribunal for redress. If there was a mutual mistake in these contracts, as alleged, plaintiffs had a right to apply to the proper tribunal for redress, immediately upon the making and delivery of these contracts, and the statute began to run against them from that time. Hoester v. Sammelman, 101 Mo. 619; Tapley v. McPike, 50 Mo. 591; Robsahl v. Lack, 35 Mo. 316.   (b)   Plaintiffs' ignorance of their rights will not protect them, unless that ignorance is occasioned or brought about by improper conduct on the part of defendants. Wells v. Halpin, 59 Mo. 95; Foley v. Jones, 52 Mo. 67; Hoffman v. Parry, 23 Mo. App. 27.   (c)   Statutes of limitation are favored in law and cannot be avoided unless the party seeking to do so brings himself strictly within some

exception. A party seeking to avoid the bar of the statute on account of fraud must aver and show that he used due diligence to detect it, and if he had the means of discovery in his power he will be held to have known it. R. S. 1899, sec. 4299; Shelby Co. v. Bragg, 135 Mo. 300; Wood v. Carpenter, 101 U. S. 141; Buckner v. Calcote, 28 Miss. 434; Nudd v. Hamlin, 8 Allen 130. (d) There is no allegation in the pleadings on behalf of plaintiffs which brings them within any statutory exception, which prevents the running of the statute; hence no such question can be heard in this court. (2) Equity will only relieve against mutual mistakes. The mistake of one party to a contract will not entitle him to relief unless the other party induced him to act under such mistake. Benn v. Pritchett, 163 Mo. 571; Henderson v. Beasley, 137 Mo. 203; Adkins v. Tomlinson, 121 Mo. 487; Mathews v. Kansas City, 80 Mo. 235; Cassidy v. Metcalf, 66 Mo. 531; Sternberg v. Ins. Co., 49 Mo. App. 255. Mistake on one side, without fraud of some kind on the other inducing the mistake, will not be sufficient to relieve the party making the mistake. Benn v. Pritchett, 163 Mo. 572; Norton v. Bohart, 105 Mo. 615; Page v. Higgins (Mass.), 5 L. R. A. 152. In this case there was neither allegation nor proof of any fraud inducing the mistake.

*David W. Hill* for respondents.

(1) The Statute of Limitations will in no way affect the result of this suit, for, if the court should hold that we did not have the right to reform the instruments according to the particular descriptions, the lien of the judgment of the circuit court attached upon the rendition thereof, while the legal title was and still is in Zehnder, and the land being his and the debt his, as conclusively shown by the evidence, the court under the facts of this case could not uphold

the deed from him to his wife. (2) Zehnder, the mortgagor, had been in possession of the land in suit since the making of the contracts, and Mrs. Zehnder had not been in possession of the land, and she could, therefore, not invoke the Statute of Limitations as a bar, and neither could he, unless his possession had been adverse. Epperson v. Epperson, 161 Mo. 577; Cooper v. Deal, 114 Mo. 527; Michel v. Tinsley, 69 Mo. 442; Tucker v. Wells, 111 Mo. 404; Lewis v. Schwenn, 93 Mo. 26; Booker v. Armstrong, 93 Mo. 49. (3) We urge the court to dismiss the appeal herein for the reason that appellants'. abstract of the record does not comply with the rules of this court and does not conform to the laws of this State.

VALLIANT, P. J.—This is a suit in equity begun November 14, 1903, to foreclose liens on certain land in Butler county. The petition is in three counts, each based on a separate contract, but all of the same character. The statements in the first count are to the effect that on December 17, 1891, defendant John G. A. H. Zehnder, being then the owner of a farm consisting of the south half of the southeast quarter of section 27, township 25, range 6 east, containing eighty acres, entered into a contract in writing with the plaintiffs whereby the plaintiffs sold and agreed to deliver to Zehnder three hundred fruit trees, to be planted on this land, for the sum of $125.50, to be paid in certain annual installments as therein specified, with six per cent compound interest, the last payment to be made ten years from the date of the contract, and it was therein stipulated that the purchase price and interest should be a lien on the farm from the date of the contract until paid in full; that plaintiff had delivered the trees, but defendant had failed to pay the price or any part thereof, that the contract was duly acknowledged and recorded January 2, 1892. But, the petition

avers, that in drawing the contract "by mistake of all the parties" an erroneous description of the land was inserted in lieu of the true description above given. The prayer of the petition was that the contract be so reformed as to contain the correct description, that plaintiff have judgment for the price named and interest, that it be decreed to be a lien on the land, that the defendants' equity of redemption in the same be foreclosed and the land sold to satisfy the debt, interest and costs. The second count was based on a similar contract dated January 17, 1892, for eight thousand fruit trees at the price of $1,933 and interest, and the third count on still another contract of like character dated January 27, 1892, for one thousand trees at the price of $150 and interest, the payments to be made as in the first count and the last to be made in ten years. All the trees were to be planted on the same land and a lien thereon granted to secure the payments under the three contracts. In each count it is averred that the plaintiffs delivered the trees as agreed, but that defendant had failed to pay for the same; that the same mistake in the description of the land occurred in each contract; the prayer in each count was of the same character as that in the first.

In the petition Zehnder was the only defendant named. He appeared at the return term and filed an answer, and at that term also appeared his wife Mrs. Zehnder who petitioned the court to make her a party defendant, which the court did, and she filed an answer wherein after a general denial she set up the plea that the land in question was hers, that her husband acting as her agent bought it, but without her knowledge or consent took the deed in his own name, that the purchase price was paid with her money, her separate statutory property, that the alleged contracts on which the plaintiffs sue if made as claimed were made without her knowledge or consent. In her answer

is also the plea of the ten-year Statute of Limitations on the alleged right of plaintiffs to reform the contracts.

Zehnder's answer admitted the signing of the contracts and then a general denial. It also set up the affirmative plea that the plaintiffs imposed on him in the making of the contracts in certain respects which it is not necessary now to specify and he also pleaded the ten-year Statute of Limitations against the claim to reform the contracts.

The plaintiffs filed a reply saying that the fact that the land was not correctly described in the contracts did not come to their knowledge until 1903, and as to Mrs. Zehnder's claim the reply contained several averments intended by the pleader as a plea to estop her from claiming that the land was hers, but as the record before us is not in shape to go into the questions of fact it is not necessary to set out those averments.

The cause comes here on a short transcript, from which it appears that there was a judgment for the plaintiffs on all the counts granting the relief prayed, and from that judgment the defendants appealed.

I. Appellants have filed what they call, "Abstract in Lieu of Full Record," in which is contained the pleadings, evidence and several statements as of the rulings and proceedings of the court in the progress of the trial and subsequent thereto, but it is impossible to tell from this abstract whether the alleged rulings and orders of the court appear on the face of the court record proper or are preserved only in the bill of exceptions.

Upon that condition of the abstract respondents base a motion to dismiss the appeal. We should not dismiss the appeal in this case because we have, in sufficient form, the pleadings, the judgment and the order allowing the appeal, and appellants are entitled

to show if they can that the judgment is erroneous on the face of the pleadings, but in the absence of a sufficient showing by the abstract that on the face of the court record proper there are entries showing that the motion for a new trial was filed, that it was overruled and that the bill of exceptions was filed, we cannot consider any alleged error of the court contained in the bill of exceptions. [Hill v. Butler County, 195 Mo. 511, and other cases cited by respondents in their brief on this motion.]

The abstract should distinguish between what it intends to say is shown by the record proper and what it intends to say is shown by the bill of exceptions. The bill of exceptions alone should contain the motions and exceptions to the rulings, but the record proper should show that the motions were filed and the rulings of the court upon them. A statement in the bill of exceptions that a motion for a new trial was filed and that it was by the court overruled is not sufficient to show either that it was filed or that it was overruled. A bill of exceptions standing alone cannot prove its own validity, a statement therein that it was signed and filed is not sufficient evidence of the signing or filing. The bill of exceptions derives its right to recognition solely from the fact that the record of the court shows that it was filed. Those facts must appear on the face of the record proper and when the abstract undertakes to state such facts it should state, if such is the fact, that the record proper so shows. It is not necessary or desirable to copy the record entries into the abstract, it is sufficient if the substance is stated. The office of the bill of exceptions is to preserve those proceedings in a cause which do not appear in the record proper and the exceptions taken to the rulings.

In this case there are no record entries showing

204 Sup—29

the filing of a motion for a new trial, or the overruling of such a motion or the filing of a bill of exceptions, therefore we have nothing before us for consideration but the pleadings and the judgment.

II. The purpose of the petition is to reform the contracts and foreclose the liens. The petition states that it was the intention of the parties to describe, as the land to be bound for the payment of the debt, the south half of the southeast quarter of section 27, township 25, range 6 east, but by mistake that land was not described in the contract, other land was described.

Among the defenses set up both by Zehnder and Mrs. Zehnder was the ten-year Statute of Limitations in reference to the plaintiffs' right to reform the contracts. The plaintiffs' only reply to that plea was that they did not discover the mistake until 1903. The contracts were made in December, 1891, and January, 1892; the suit was filed November 14, 1903.

So far as Zehnder is concerned the petition prays two remedies; one a personal judgment against him for the debt, the other a reformation of the contracts and a foreclosure of the lien. To each of these demands the defendant had the right to plead separate defenses; if he makes good his defense to the first it ends the case in his favor without reference to the second, but he may fail in his defense to the first yet still prevail in the second. His plea of the Statute of Limitations is not directed to the question of his personal liability for the debt because the last installment of the debt was not due until January, 1902, but though the plaintiffs' right of action for a personal judgment be not barred their right to a reformation of the deeds may be. So far as Mrs. Zehnder is concerned the especial relief of reformation of the deeds is the only feature of the case in which she is interested, and to that she pleads the Statute of Limitations.

In the brief for plaintiffs it is said that even if the Statute of Limitations bars their right to a reformation of the contracts, still the judgment should stand, because as a personal judgment against Zehnder it is a lien on the land the title to which stands in his name on the record. Since we have concluded that we have no right to look into the bill of exceptions we do not know how the title stood at the date of the rendition of the judgment; but it would not be conclusive of this defense on the part of Mrs. Zehnder even if the title stood in her husband's name at that date, because if, as between her husband and herself, it is her land, the equities to be adjusted between herself and a possible purchaser at a sheriff's sale under execution against him would be different from those to be adjusted between herself and a possible purchaser at a foreclosure sale under a mortgage executed by her husband while the title stood in his name.

The aim of the plaintiffs is to subject this land, as the property of Zehnder, to the payment of the debt he owes them; if they are satisfied with a personal judgment against him with the incidental rights that will flow from it, Mrs. Zehnder has no right to interfere in their suit to obtain such a judgment, but when they invoke the power of a court of equity to reform contracts which her husband made while he held the legal title to land that in equity belonged to her, so as to convert them into mortgages of her land, an act which, though it is said he intended to do and ought to have done, yet he in fact did not do, then she is entitled to be heard.

A right to maintain a suit in equity to reform a deed is barred after ten years from the date the right accrued. [Sec. 4272, R. S. 1899; Hoester v. Sammelmann, 101 Mo. 619.]

If there was a mistake in the description of the land in the written contracts, as the plaintiffs say there

was, if it was the real intention of both parties to the contracts to fasten the lien on the land in suit instead of the land specified in. the contracts, the plaintiffs' right to have the contracts reformed accrued as soon as the mistake occurred; they were not compelled to wait until Zehnder should make a breach in his promise to pay, they were entitled to have the correction made for their protection against other possible purchasers who might intervene while their debt in its installments was accruing. If the next day after these contracts were delivered the plaintiffs had filed a suit in equity to have them reformed, based on the same allegations that are now made, it would have been no valid plea, either in bar or abatement, for the defendant to have answered that the suit was premature.

It is said in the brief for plaintiffs that as for Mrs. Zehnder the Statute of Limitations will not avail her because the land was not in her possession but in that of her husband. It would not help the plaintiffs' case if it were conceded that she was not in possession because the plea of the Statute of Limitations is as good a defense for Zehnder as it is for Mrs. Zehnder. But the point is not well taken, for possession is not necessary to the maintenance of this plea; besides, if it were, if the land, as between Mrs. Zehnder and her husband, was hers, his joint possession with her was her possession. Epperson v. Epperson, 161 Mo. 577, to which plaintiffs refer on this point, does not sustain their position; that was an action in ejectment for land which defendant claimed under a deed which he claimed intended to describe but by mistake did not describe the land sued for; in addition to other defenses he asked equitable relief to correct the mistake. It was held that the defendant having taken possession of the land in 1870 as soon as the deed was executed and held possession until 1896, when the suit against him was begun, his possession prevented the Statute of Limita-

tion from running against him.   To claim the benefit of the rule there laid down the plaintiffs would have to show that they themselves had been in possession of this land all those years.

The only reply the plaintiffs made to the defendants' plea of the Statute of Limitations was that they did not discover the mistake until 1903.   That fact is not sufficient to prevent the running of the statute.   In section 4273, Revised Statutes 1899, it is provided that an action for relief on the ground  of fraud may be commenced within five years after the discovery of the fraud, allowing ten years in which to make the discovery.   The pleadings in the record before us present no case under that clause of the statute; the case made in the petition is one of mutual innocent mistake.   Section 4290 declares:  ''If any person, by absconding or concealing himself, or by any other improper act, prevent the commencement of an action, such action may be commenced within the time herein limited, after the commencement of such action shall have ceased to be so prevented.''   It is not charged that either of the defendants was guilty of any act that prevented the plaintiffs from commencing their suit to reform the deeds. Indeed the averment of mutual mistake negatives the idea of fraudulent conduct.   In Wells v. Halpin, 59 Mo. l. c. 97, discussing the clause of the statute last above quoted, the court said:  ''The mere fact that plaintiff was ignorant as to where his property was, and that in consequence he could not bring an action, will not be sufficient in itself to make his remedy availing.   It must further appear that plaintiff was prevented from bringing his action in time by some concealment or improper act on the part of defendants.'' And in Hoester v. Sammelmann, 101 Mo. 619, already above referred to, the court applied the same rule to a proceeding in equity to reform a deed wherein the plaintiff had alleged that he was ignorant of the mistake

until just before bringing the suit and also alleged in general terms, without specification of acts, that he was prevented from making investigations to get the correct description by acts and representations of the defendant. The court held that ignorance of the mistake under the circumstances pleaded did not prevent the running of the statute.

On the face of the pleadings the plaintiffs' right to sue in equity to have the contracts in question reformed in the particular of the alleged misdescription of the land was barred by the Statute of Limitations before the suit was begun; therefore, the judgment in that particular is erroneous and must be reversed, but the judgment is good as a personal judgment for so much money against the defendant John G. A. H. Zehnder.

The judgment is reversed and the cause remanded with directions to the circuit court to enter judgment in favor of defendants on the plaintiffs' demand to reform the contracts, to correct the alleged misdescription of the land, and to enter a personal judgment in favor of the plaintiffs against the defendant John G. A. H. Zehnder for $249.68 on the first count, $3,954.41 on the second count, and $298 on the third count, with interest at six per cent per annum from June 23, 1904, the date of the judgment appealed from; that Mrs. Zehnder go hence without day, and the plaintiffs and John G. A. H. Zehnder each pay one-half the costs in the circuit court.

All concur.