JOSEPH P. CAMPBELL, Appellant, v. AMAND
RAVOLD, Respondent.

St. Louis Court of Appeals, May 7, 1912.

1. **APPELLATE PRACTICE: Abstract: Insufficiency: Review of Matters of Exception.** Where the respondent, within the time and manner prescribed by Rule 33 of the St. Louis Court of Appeals, challenges the appellant's abstract on the ground it fails to disclose that entries in the record proper show that the motion for a new trial and the bill of exceptions were filed in time, and appellant fails to supply such deficiencies, the court will refuse to review matters of exception.

2. ———: **Review: Matters of Exception.** In order to review matters of exception, the record proper must show that a motion for a new trial and a bill of exceptions were filed in due time.

3. **BILLS OF EXCEPTIONS: Not Self-Proving: Record Proper.** A bill of exceptions is not the proper receptacle for matters of record, and it may not be used for the purpose of vouching for its own integrity.

Appeal from St. Louis City Circuit Court.—*Hon. W. B. Homer*, Judge.

AFFIRMED.

*William A. Kinnerk* for appellant.

*Jeffries & Corum* for respondent.

(1) No abstract of the entire record of this cause has been filed in the office of the clerk of this court touching the matters, facts and court entries called for by the bill of exceptions. The bill of exceptions is not even filed. All that we have is a transcript of a portion of the bill of exceptions, and no attempt is made to furnish or file a transcript of the record entries made in the case by the trial court. For this reason, the appeal herein must be dismissed. Rules 10, 12, 21

of this court; R. S. 1909, sec. 2048; Sprague v. Mathias, 148 Mo. App. 169; Keaton v. Weber, 233 Mo. 693; Barham v. Shelton, 221 Mo. 68; Everett v. Butler, 192 Mo. 569; Harding v. Bedoll, 202 Mo. 625; Aultman-Taylor & Co. v. Organ, 149 Mo. App. 102; Milling Co. v. St. Louis, 222 Mo. 309; Pennowfsky v. Coerver, 205 Mo. 136; Stark v. Zehnder, 204 Mo. 449; Hill v. Butler, 195 Mo. 511. (2) Appellant not having complied with either the statute or the rules of the court, respondent is entitled to an order of dismissal of appeal, or an affirmance of the judgment. Sprague v. Mathias, 148 Mo. 169; Everett v. Butler, 192 Mo. 568.

NORTONI, J.—This suit originated before a justice of peace and found its way into the circuit court by appeal. In the latter court, defendant prevailed and plaintiff prosecutes an appeal from that judgment to this court.

We are not permitted to review the merits of the controversy for the reason there is no sufficient abstract of the record proper on file here. Ordinarily, we treat such matters as waived, under the provisions of our Rule 33, which authorizes that course in event the defective condition of the abstract is not pointed out in accordance therewith within ten days after the service of such abstract; but in this case, it appears defendant has complied with Rule 33 by filing here his objections to the sufficiency of plaintiff's abstract, and plaintiff has omitted to either supply, or ask leave to supply, such deficiency. In view of the fact that defendant challenged the sufficiency of the abstract, within due time, under Rule 33, and that no move has been made toward rendering it a proper one, the court is bound by controlling decisions of the Supreme Court to decline to examine the arguments advanced for a reversal of the judgment, as they all pertain to matters of exceptions which are to be found alone in the bill of exceptions. The statute (section 2048, Revised Stat-

utes 1909), provides that the appellant shall, within the proper time, in accordance with the rules, file a printed abstract of the entire record of the cause in this court. Here no abstract whatever has been filed and it does not even appear outside of the bill of exceptions that a motion for new trial was filed within four days after the judgment was entered and during that term of court, nor does it appear outside of the bill of exceptions itself that such bill was ever filed or that leave to file the same in vacation was granted by the court. These matters appear in the bill of exceptions itself, however, but that document is not the proper receptacle for matters of record and may not be utilized for the purpose of vouching its own integrity. A recent decision of our Supreme Court, directly in point, concerning this matter, may be found by reference to the case of Stark v. Zehnder, 204 Mo. 442, 102 S. W. 992, and it is wholly unnecessary to cite other authorities touching the question, for they are numerous. As much as we regret to dispose of appeals on mere technical grounds, the obligation in this case rests upon us to do so, for the reason defendant complied, within due time, with the provisions of our Rule 33, and plaintiff rested the matter upon an insufficient showing with respect to the record proper.

The cause is here on the short form, consisting of a copy of the judgment and order granting the appeal provided for in section 2048, Revised Statutes 1909, and upon an examination thereof, there appears to be no error on the face of the record proper. For the reasons stated, the judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Caulfield, J.,* concur.