AMOS A. McCORMICK v. CLAUDE A. EDWARDS and LELAH FERN EDWARDS, Appellants.—No. 38322.—174 S. W. (2d) 826.

Division One, October 4, 1943.

Rehearing Denied, November 1, 1943.

*William A. Kitchen* and *D. H. Kemp* for appellants.

1020

*James E. Sater* for respondent.

**CLARK, J.**—Suit in equity to reform a deed conveying real estate. The decree was for plaintiff and defendants appeal.

Appellants' assignments of error go to the sufficiency of the petition to state a cause of action and to the sufficiency of the evidence to support the decree in plaintiff's favor.

The petition alleges that on April 27, 1931, plaintiff, by warranty deed, conveyed to defendants as husband and wife the east half of the west half of the northwest quarter and the east half of the northwest quarter of the southwest quarter of a certain described section and took back a deed of trust on said land for the purchase price; that later plaintiff and defendants agreed that, for the sum of one hundred dollars and the cancellation of the indebtedness, defendants would reconvey the land to plaintiff; that on April 14, 1935, defendants executed a deed to plaintiff erroneously describing the property intended and contracted to be conveyed as the east half of the west half of the northwest quarter *of the northwest quarter* and the east half of the northwest quarter of the southwest quarter, etc. (italics ours); that said deed did not express the mutual intent of the parties as previously agreed, but was executed and delivered by defendants and received by plaintiff under the mutual mistake of fact as to the description, in that said deed was to convey the property first described; that plaintiff has requested and demanded a correct deed and defendants have refused, etc. Then follows a prayer for reformation of the deed.

Defendants did not demur to the petition, but filed an answer which, so far as material here, admits that plaintiff conveyed to them the property first described in his petition and that they executed a deed of trust on the same land to plaintiff to secure the purchase money; then the answer says that plaintiff started foreclosure proceedings and defendants filed a petition in bankruptcy in the Federal Court under the Frazier-Lemke Act; that later defendants proposed to plaintiff that he pay them one hundred dollars and cancel their indebtedness and they would convey to him the land described in the deed which they executed on April 14, 1935; that plaintiff agreed to this, paid them the one hundred dollars, canceled the indebtedness, and received, accepted and recorded their deed; that defendants dismissed [828] their petition in bankruptcy; then the answer prays affirmative relief.

■ Appellants contend that the petition contains no allegation of mutual mistake in drawing the deed and "that a necessary averment is that the scrivener acted under the direction of both grantor and grantee in drawing the deed; otherwise, the pleading does not charge the mistake to be mutual", citing: Dougherty v. Dougherty, 204 Mo. 228, 102 S. W. 779; Emerson-Brantingham Co. v. Rogers (Mo.), 229 S. W. 779; Robinson v. Korns, 250 Mo. 663, 157 S. W. 790. Those cases and many others hold that in a suit to reform a written instrument on the ground of mistake alone the petition must allege that the mistake was a mutual one. In the Dougherty case the evidence was held insufficient to show a mutual mistake because there was no proof of a preceding agreement between the parties as to what land was to be included in the instrument. It was also said the mistake of the scrivener would not make the mistake a mutual one, because he represented only one of the parties. In Emerson-Brantingham v. Rogers the petition was held defective for failure to allege a preceding agreement, [229 S. W. 1. c. 781] for failure to show who made the mistake and for other defects. In Robinson v. Korns, 250 Mo. 1. c. 674, the pleading merely charged that the land sold was erroneously described in the deed without alleging that the mistake was a mutual one. All those cases differ from the instant case. Here a preceding agreement is alleged by which certain described land was to be conveyed by defendants to plaintiff and, by the mutual mistake of both plaintiff and defendants, the land was incorrectly described. When the mistake relied on is solely that of the scrivener, it must be further alleged and shown that he represented both parties in order to show the mistake to be mutual. But where, as here, it is alleged that the parties intended to convey certain land in accordance with a previous agreement and by mutual mistake failed to do so the agency of the scrivener is unimportant. [Federal Land Bank v. McColgan, 332 Mo. 860, 59 S. W. (2d) 1052; General Refractories

Co. v. Howard, 328 Mo. 1139, 44 S. W. (2d) 65.] We hold the petition sufficient.

As to the evidence: It is undisputed that plaintiff conveyed the land first described in his petition to defendants and took back from them a deed of trust on the same land; later, in pusuance to an agreement between plaintiff and defendants, he paid them one hundred dollars and canceled their indebtedness and they made him a deed. Here the conflict begins. The deed which defendants gave back to plaintiff conveyed only a part of the land which plaintiff had conveyed to them, and described a ten acre tract which plaintiff had not so conveyed and which defendants did not own.

Plaintiff says that he intended to receive, and defendants intended to convey, the same land which he had conveyed to defendants. Defendants say they intended to convey the land which they actually described in their deed, and if there was a mistake it was the mistake of the plaintiff alone. We think that the fact that defendants included in their deed land which they did not own, and warranted title to same, is strong indication of a mistake on their part. One of the defendants, Mr. Edwards, attempted to explain the inclusion of this ten acre tract by saying his father-in-law had an option on it, but the option was not produced, was never exercised, and this evidence was not otherwise corroborated. This witness testified that, although plaintiff agreed to pay defendants one hundred dollars and cancel their indebtedness of more than $3100.00 in return for a deed, there was no agreement prior to the delivery of the deed as to what land the deed should convey. Such testimony is incredible. Reading the whole record, we find abundant proof to convince the chancellor that defendants agreed to reconvey to plaintiff the same land which he had conveyed to them. If so, and defendants *purposely* misdescribed the land in their deed they were guilty of such fraud or inequitable conduct as to authorize reformation of the deed under proper allegations although the mistake was not mutual. [Hoxsey Hotel Co. v. Farm & Home Sav. & Loan Ass'n., 349 Mo. 880, l. c. 888, 163 S. W. (2d) 766.] However, we think the evidence shows that defendants intended to include the entire tract in their deed and their intention to claim otherwise was not formed until long after the deed was executed. The mistake in description was one which was easy to make. It consisted in repeating the words ''of the northwest quarter''. This resulted in omitting forty acres of the land covered by plaintiff's deed of trust, which forty contained all the improvements, and in reconveying only twenty acres. The ten acre tract described [829] in defendants' deed, but which they did not own, does not adjoin the twenty acre tract. On the same day that he received the deed from defendants plaintiff contracted to sell the entire tract of sixty acres to another person. Very soon after defendants delivered their deed they relinquished possession of the entire tract, have never demanded

possession and did not claim any interest in the title until plaintiff discovered the mistake and attempted to get a corrected deed. This was several years after the deed was executed by defendants. After they executed their deed defendants did not give in any part of the land for taxes.

Appellants (defendants) cite cases holding that, in this kind of case, the burden is on plaintiff to prove his case by cogent and convincing testimony. Those cases correctly state the law, but the facts considered in each of them differ from those in the instant case in important particulars. In some of them there was insufficient evidence of any mistake. In others no previous agreement was shown and the mistake was that of one party only or of the scrivener who represented only one of the parties.

Appellants cite a number of cases, and could have cited many more, holding that when a deed is delivered and accepted it becomes equivalent to a contract and all prior negotiations are merged in the deed. Appellants argue from this that since plaintiff could read and was not prevented from reading the deed he is bound by its terms and equity will not furnish him relief from his own negligence. The principal cases relied upon by appellants in this connection are Employers Indemnity Corp. v. Garrett, 327 Mo. 874, 38 S. W. (2d) 1049, and Crim v. Crim, 162 Mo. 544, 63 S. W. 489. Both those cases and every other case cited by appellants under this head recognize an exception to the general rule, to wit: that parol evidence is admissible to vary the terms of a written contract for fraud or mistake and that a deed may be reformed for mutual mistake. The instant case falls within the exception rather than the general rule. In Berry v. Continental Life Ins. Co., 224 Mo. App. 1207, 33 S. W. (2d) 1016, the St. Louis Court of Appeals held that a court of equity will reform a contract for mutual mistake even to the extent of relieving a party from the result of his own negligence, unless he is grossly and inexcusably negligent. Application for certiorari was made to and refused by this court in that case. In the instant case the mistake was not only easy to make, but was easy to overlook. Perhaps plaintiff should have carefully examined his deed, (and it would have required a rather careful examination to discover the mistake) but there is nothing to indicate that defendants have been injured by plaintiff's delay in discovering the error and they do not plead laches. [General Refractories Co. v. Howard, 328 Mo. 1139, 44 S. W. (2d) 65.]

Appellants say that in any event the deed cannot be reformed so as to convey the interest of the defendant, Mrs. Edwards, citing Meier v. Blume, 80 Mo. 179 and Atkison v. Henry, 80 Mo. 151. Those cases considered the rights of married women at a time when they were not permitted to contract or could contract only in a specified manner. They do not declare the law as it now exists under statutes giving

married women freedom of contract. [Rivard v. Railroad, 257 Mo. 135, l. c. 166, 165 S. W. 763; McConnell v. Deal, 296 Mo. 275, l. c. 315, 246 S. W. 594.] Appellants also cite the case of Brinkerhoff v. Juden, 255 Mo. 698, 164 S. W. 523, in which reformation of a quitclaim deed was refused as to the interest of one of the grantors. The decision rests upon the ground that no mutual mistake was shown as between this grantor and the grantee because she had not been a party to any previous agreement as to the land to be conveyed. So, in the instant case, appellants argue that the negotiations with plaintiff were conducted by Mr. Edwards alone and that Mrs. Edwards was not a party to the agreement. But defendants filed a joint answer in which they allege that the agreement with plaintiff was made by the defendants, (plural) not by one of the defendants, and this is corroborated by the subsequent conduct of both defendants.

We hold that the decree should be and is affirmed. All concur.