CITIZENS BANK OF FESTUS v. GEORGE R. FRAZIER, SUSAN E. FRAZIER AND IVA DECKER, Appellants.—No. 38631—177 S. W. (2d) 477.

Division One, January 3, 1944.

Rehearing Denied, February 7, 1944.

*Albert S. Ennis* for appellants.

368

*Matthes & Weier* for respondent.

██ DALTON, C.—Action in equity to reform a deed of trust describing a particular tract of real estate (hereinafter referred to as tract. #1) in Jefferson County so that it will describe another particularly described tract of real estate (hereinafter referred to as tract #2) in said county, and to' set aside an alleged fraudulent, conveyance of tract #2, as made by the grantors to their' daughter after the execution of the said deed of trust. Plaintiff seeks to subject tract #2 to the lien of the deed of trust which secures a $1200 note owned by it (as assignee of the original payee). The third amended petition (on file at the time the relief prayed was granted to plaintiff) charged mistake on the part of the named cestui trust caused by fraud on the part of the grantors in the execution of the deed of trust (false and fraudulent representations by the grantors) by which tract #1 was described therein after tract #2 was exhibited, offered and agreed upon as security for the loan. Defendants have appealed from the judgment granting relief to plaintiff.

Defendants Frazier and wife were the owners of two tracts of land in Jefferson County of approximately 120 acres each. Tract #2 was valuable and improved. Tract #1 was of limited value and unimproved. On the 12th day of October 1921, defendants Frazier and wife had borrowed $1500 .from the Festus State Bank and· executed a note therefor and secured the note by a first deed of trust upon tract #1. At a later date the Citizens Bank of Festus ·took over the assets of the Festus State Bank, including this loan, and on or about October 11, 1927 defendants Frazier and wife, to discharge the balance due on this loan, obtained a new and independent loan for $1200 from the Farmers and Merchants Bank of Festus. A note for $1200, due one year after date, was duly executed and a new deed of trust describing tract #1 was executed and delivered as security for the new note. It is this deed of trust that is now sought to be reformed. On April 28, 1938, the plaintiff, Citizens Bank of Festus acquired the assets of the Farmers and Merchants Bank, including the $1200 Frazier note and deed of trust. On January 22, 1942, it instituted the present suit. Prior thereto, to wit, on November 26, 1941, defendants Frazier and wife had conveyed tract #2 to

their daughter, Iva Decker. Mrs. Decker was made a party defendant in the second amended petition and plaintiff seeks to set aside the conveyance to her on the ground that it was voluntary, without consideration, fraudulent and void as to plaintiff.

Upon the filing of plaintiff's second amended petition, the defendants Frazier and wife and defendant Decker filed separate pleas in abatement, alleging laches, limitations and estoppel. These pleas in abatement were taken under advisement, and, on request of the court, the defendants filed their separate answers, and the cause proceeded to trial. After a full hearing of all the evidence, the court indicated that the pleas in abatement would have to be sustained on the ground that the action was barred by the ten year statute of limitations. See, Stark v. Zehnder, 204 Mo. 442, 451, 102 S. W. 992; Hoester v. Sammelmann, 101 Mo. 619, 14 S. W. 728. Pending a final ruling thereon, however, the plaintiff asked and was granted leave to file a third amended petition to conform to alleged facts in evidence tending to show mistake (in the description of the real estate described) caused by the fraud of the grantors in the execution of the deed of trust and fraud in the subsequent active concealment of the true facts. The cause was thereupon continued from December 18, 1942 to January 25, 1943. Upon the filing of the third amended petition, the defendants moved to strike it out as a departure from the cause of action stated in the original petition. The motion to strike out further alleged that it appeared from the face of the third amended petition that the action was "not brought within ten years" and was barred by Sec. 1013, R. S. 1939. The motion to strike out the third amended petition and the pleas in abatement to the second amended petition were overruled. Defendants did not plead further and the cause was submitted to the court upon the evidence previously heard. The court found the issues for plaintiff and granted the relief prayed.

Respondent has moved to dismiss the appeal for alleged violation of certain rules of this court, but we think the circumstances are not such as to warrant a dismissal of the appeal. The motion is overruled.

Error is assigned upon the court's action (1) in overruling the pleas in abatement to the second amended petition; (2) in permitting the plaintiff to file its third amended petition, upon which relief was granted; and (3) in overruling defendants' motion to strike out the third amended petition.

In the trial of the cause, the defendants offered in evidence the original, the first ▮▮▮ amended and the second amended petitions. The original petition named only the Fraziers as defendants and sought relief on the ground of mutual mistake of fact by which tract #2 was omitted from the deed of trust when both tracts were intended to be included therein. The deed of trust was sought to be reformed to include both tracts. The first amended petition was likewise based

upon mutual mistake of fact, but it alleged that it had always been the intention of all the parties to the deed of trust to describe tract #2 instead of tract #1. Reformation was sought to substitute the description of tract #2 for the description of tract #1 as described in the deed of trust. The second amended petition was based upon the same theory and further sought to set aside the subsequent alleged fraudulent conveyance of tract #2 to defendant Decker. After the hearing of the evidence, plaintiff filed its third amended petition, as stated.

Except for the matter of limitations, there is no contention that any of the several petitions did not state a cause of action in equity for the relief prayed against the defendants named. There is no contention that the second and third amended petitions did not state facts sufficient to show that the transfer of tract #2 to defendant Decker was voluntary, fraudulent and void as to plaintiff. It is, therefore, unnecessary to review the pleadings further, except to say that defendants' answers to the second amended petition, on file when all of the evidence was heard, pleaded laches, denied the alleged mutual mistake of fact as alleged in said second amended petition, denied the existence of any fraud in the conveyance to defendant Decker and further alleged that defendant Decker was a bona fide purchaser of tract #2 for value and without notice of plaintiff's claims. The answers did not plead the statute of limitations as a defense.

In view of the assignments of error, supra, it is only necessary to state the evidence most favorable to plaintiff on the issue of fraud on the part of defendants Frazier and wife in the execution of the deed of trust (by which tract #1 was described therein instead of tract #2), and, also, to state those facts pleaded and relied upon to avoid the bar of the statute of limitations. No question is raised concerning the sufficiency of the evidence to establish that the transfer of tract #2 to Mrs. Decker was fraudulent and void as to plaintiff and a full statement of that evidence is not required.

In 1927 tract #1 consisted of a ridge field with timber on either side. It was rough land and had no improvements. There was no road to it, except by way of a private road to another farm and across a field and through certain gates. It was worth "$750 or $800 at the very outside" and would not have been considered as security for a $1200 loan. Tract #2 was located on a private road about one mile from a county road. It was improved land and the improvements consisted of a six room two story, frame house in good condition and a barn, 40 by 60 feet, both "roofed with galvanized tin." There was a chicken house, a granary, a wash house, "a small poultry house," a well or cistern and several springs. This tract was worth about $3500. Tracts #1 and #2 were located close together and were sometimes referred to as the upper and lower farms.

Tract #1, as mentioned supra, was encumbered by a deed of trust securing a note held by the Citizens Bank. Defendant Frazier consulted Mr. W. L. Townsend, cashier of the Farmers and Merchants Bank of Festus ("the only man in the bank the customer would see to transact business with") about a loan of $1200 to pay off the balance due the Citizens Bank. Mr. Townsend advised him the matter would be taken up with the Board of Directors. Mr. Townsend died in 1936 or 1937 and there was no direct evidence concerning the security originally offered by Mr. Frazier for the requested loan. In any case, the matter of the proposed loan came before the Board of Directors of the bank and was submitted to the bank's appraisers, R. E. Byrd and Dr. J. F. Donnell. Dr. Donnell, who was either president or vice-president of the bank at that time, testified: "I viewed the property and Mr. Frazier was there at the time; he showed us, I think it was eight rooms, a barn and some outbuildings. We were satisfied that the loan was all right and the bank made the loan, and took an insurance policy on the property that was viewed. We recommended the loan, the loan committee, Mr. R. E. Byrd and myself, and the bank made the loan. We got this insurance policy immediately before we made the loan." The witness further said that Mr. Frazier had been before the Board and that he was satisfied Mr. Frazier talked to the Board before the loan was made.

Mr. R. E. Byrd testified that he and Dr. Donnell made the inspection and appraisal for the bank; that they inspected tract #2, which he (Byrd) believed and understood to be the tract upon which the loan was being made; and that he recommended the loan on the basis of the improvements on that tract. The witness did not know that defendants Frazier and wife owned tract #1, but the witness knew the land. He did not check the descriptions, but if it had been tract #1, he would not even have gone to look at it. Tract #2 joined the Byrd home place. The witness did not recall having talked to either Mr. or Mrs. Frazier personally about the loan, but understood at the time that the Citizens Bank had the loan on tract #2 that the Farmers and Merchants Bank was taking it over by making a new and independent loan on tract #2.

Mr. Frazier had the deed of trust prepared by Mr. Charles England, a Notary Public. Both Frazier and his wife signed and acknowledged the deed of trust before the Notary Public and then defendant Frazier took the deed of trust to the bank and obtained the new loan. We think it is clear from the evidence that the officers of the Farmers and Merchants Bank were led to believe that the loan was being made upon the security of tract #2 and that the description in the deed of trust was the legal description of tract #2.

Concerning the authority of defendant Frazier to act for his wife, Mrs. Frazier testified that her husband transacted all of the business of the family; that her husband took her before Mr. England

and she signed the note and deed of trust on tract #1; that she didn't know anything about going to deed tract #2 to her daughter, until she signed the deed; that she did not know what property was to be conveyed to the daughter or why, until her husband asked her to sign the deed; that the daughter had not asked for a deed; and that she knew nothing about her daughter having ever loaned her husband any money. The joint answer of defendants Frazier and wife denied that they had intended to include in the deed of trust "any other property except that described in said deed of trust," tract #1. We think the agency of defendant Frazier to act for his wife was sufficiently shown. McCormick v. Edwards, 351 Mo. 1017, 174 S. W. (2d) 826, 829.

On November 21, 1933, defendant Frazier made written application for insurance to the Farmers Mutual Fire Insurance Company of Rock Creek township, Jefferson County, Missouri, for insurance on a dwelling house situated on tract # 2. He requested that the insurance be payable to the Farmers and Merchants Bank of Festus, Missouri, mortgagee. The policy issued on this application showed the following: "Insurance payable to the Farmers and Merchants Bank of Festus mortgagee as their interest may appear, remainder if any shall be paid to the insured." The policy was delivered to said bank.

On June 17, 1936, defendant Frazier made a further written application to the same company for insurance on buildings situated on tract #2 and told the agent the property was mortgaged. The application recited that the property was mortgaged to the Farmers and Merchants Bank of Festus, Missouri. A line had, later, been drawn through the name of the Farmers and Merchants Bank and the name of Citizens Bank of Festus inserted below. This change was made by the secretary of the company at plaintiff's direction, after it had acquired the note and deed of trust.

On June 12, 1941, defendant Frazier made application to the same company for insurance on buildings on tract #2. The application recited that the property was mortgaged to the Citizens Bank of Festus. Defendant Frazier also told the insurance representative the Citizens Bank had the mortgage. The policy of insurance issued pursuant to the application showed "Insurance payable to the Citizens Bank of Festus, mortgagee, as their interest may appear, remainder, if any, shall be paid to the insured." A similar policy of insurance, issued by this same company on November 21, 1923, for improvements on tract #2 did not show a loss payable clause to any mortgagee. Also a policy dated June 17, 1931, by the same company for fire insurance on some of the improvements on tract #2 showed no loss payable clause to any mortgagee, but the policy was chiefly on personal property.

On October 30, 1938, defendant Frazier made application to another company for a policy of windstorm insurance on improvements

on tract #2. At that time defendant Frazier stated to the company representative that there was a mortgage on the property to the Citizens Bank. The policy issued contained a mortgage clause with loss payable to the Citizens Bank of Festus, Missouri, mortgagee, "as interest may appear," and the policy was delivered to the plaintiff bank.

Defendant Frazier testified that he had known all of the time that the deed of trust did not cover tract #2, where the improvements were located; that he knew the bank was keeping the insurance policies covering improvements on tract #2; that he knew the deed of trust was not on tract #2, when he signed the several applications for insurance; that he knew there were no buildings on tract #1, which was described in the deed of trust; and that he knew that the several policies of insurance, issued on the applications, were sent to the bank then holding the note and deed of trust. He attempted to explain the matter by saying that Mr. Townsend asked him to bring in the insurance policies on the property; that he said he didn't have any insurance on that property; that Mr. Townsend asked if he had insurance "on the other place"; and that, when he said "yes," Mr. Townsend told him to "bring that in," and he did so. The trial court did not accept this explanation. Defendant Frazier further testified that subsequent renewal policies went to the bank holding the mortgage at the time; and that he guessed that, when these various policies of insurance were delivered to the bank, the bank officials thought they had a deed of trust on the tract where the buildings were located—tract #2. While defendant Frazier contended there had been some improvements on tract #1 many years ago, he admitted there was no insurance on any such buildings in 1927 or thereafter.

In 1936 Mr. Byrd, Dr. Donnell and others made a re-appraisement of tract #2 and reported to the Farmers and Merchants Bank as follows: "Farm real estate, George R. Frazier, Acres—120; Buildings: Good barn, house, 6 room house; Outbuildings; Insurance, tornado, $2000.00."

In 1938, after the note and deed of trust came into the hands of plaintiff (when plaintiff acquired the assets of the Farmers and Merchants Bank), Charles England, president and Ed England, cashier of the plaintiff bank, went out to view the land held as security for the note. They went to the home of defendant Frazier, who was then living on the Byrd farm, and they asked him the location of the farm upon which the bank held the deed of trust. Defendant Frazier told them how to get to tract #2 and said that they would finally get to a certain ridge and then to look to the right and they "would see the barn and the house." He further told them that no one was living in the house, but he was trying to get someone on the place.

They inspected the farm and improvements, tract #2, and were satisfied with the security.

In 1939, after the death of Ed England, E. P. Burrows became cashier of plaintiff bank and he consulted defendant Frazier about the loan. Interest was current, but the principal had not been reduced and taxes, for a few years, were delinquent. In the fall of 1940, interest was delinquent and defendant Frazier was again called to the bank, but the interest was extended until November 11, 1941. On November 13, 1941, defendant Frazier was again called to the plaintiff bank and said: "I just cannot make it, I would like to give you the deed to the property." Prior to that time, Mr. Burrows had talked to him about selling the real estate, which secured the note held by plaintiff, and defendant Frazier said that he was wanting $4500 for it; that "he had a six room house in good shape with an all metal roof, a wash house, barn, chicken house, wheat house, small poultry house and several springs." When defendant Frazier wanted to give the bank a deed to the property, Mr. Burrows became suspicious and had the description in the deed of trust checked. He found that the legal description in the deed of trust covered tract #1 and not tract #2. On November 26, 1941, defendant Frazier and wife, conveyed tract #2 to their daughter, Mrs. Decker.

It will only be necessary to consider the second assignment of error, supra, because, if the trial court properly permitted the filing of the third amended petition and it stated and the evidence established a cause of action not barred by limitations, there was no error in thereafter overruling the pleas in abatement to the abandoned second amended petition, nor in refusing to thereafter strike out the third amended petition.

Appellants contend the court erred in permitting the filing of the third amended petition, because (1) the allegations of fraud therein negatived the allegations of mutual mistake in the second amended petition; (2) the amendment did not conform to proof (the proof being insufficient to show fraud in the execution of the contract or in the concealment of the true facts); (3) the third amended petition was ▪▪▪ a departure from the cause of action stated in the second amended petition; (4) the court had not ruled the pleas in abatement to the second amended petition when it permitted the amendment (the pleas in abatement to the second amended petition were overruled when the court overruled the motion to strike out the third amended petition); and (5) the cause of action attempted to be stated in the third amended petition was barred by the ten year statute of limitation.

The record fails to show any objection or exception on the part of appellants to the court's action in taking the pleas in abatement under advisement. The record further fails to show any objection to the filing of the third amended petition on the ground that the pleas in

abatement had not been passed upon, that is, until after the court had given permission for the third amended petition to be filed. The objections made to the filing of the third amended petition were (1) that the amendment changed the plaintiff's cause of action; (2). that the amendment was contrary to and in conflict with the cause of action stated in the petition on file during the trial; (3) that there was no request to amend until the court indicated the pleas in abatement to the petition on file should be sustained on the ground of the statute of limitations; and (4) that there was no testimony to show fraud or to support the proposed amendment. After the third amended petition had been filed, the court overruled the pleas in abatement to the abandoned petition and overruled the motions to strike out the third amended petition. The fourth ground relied upon, supra, not having .been timely presented and ruled in the trial court, may not be considered here. In any case it is without merit. The fifth ground, while not raised in connection with the objections to the filing of the third amended petition, was raised by the motion to strike out, as were several of the other grounds, supra, which must be considered.

Did the court err in permitting plaintiff to file the third amended petition? We will consider first the sufficiency of the evidence to warrant the amendment and the relief granted. Excluding the matter of limitation, which we shall presently consider, we think the evidence heretofore set out was sufficient to warrant the court in ordering reformation of the deed of trust, as prayed. Lauffer v. Smith, 337 Mo. 22, 85 S. W. (2d) 94. See, also, Hoxey Hotel Co. v. Farm & Home Savings & Loan Ass'n., 349 Mo. 880, 888, 163 S. W. (2d) 766; McCormick v. Edwards, supra, (351 Mo. 1017, 174 S. W. (2d) 826, 828); 53 C. J., p. 938, Sec. 58; p. 949, Sec. 65. The evidence in the record, believed by the trial court, furnished clear, cogent and convincing proof of mistake on the part of the Farmers and Merchants Bank caused by the false and fraudulent representations on the part of defendants Frazier and wife in the execution of the deed of trust, whereby tract #1 was described instead of tract #2. The evidence in the respect mentioned was, therefore, sufficient to warrant the amendment. .

Was the cause of action stated in the third amended petition barred by the statute of limitations? Appellants rely upon Sec. 1013, supra. The trial court indicated that in his opinion the cause of action alleged in the second amended petition was so barred. Appellants insist .that the cause of action stated in the third amended petition is likewise barred and they cite Stark v. Zehnder, supra; Hoester v. Sammelmann, supra; Turnmire v. Claybrook (Mo. Sup.), 204 S. W. 178; and Thomas v. Mathews, 51 Mo. 107. In the Thomas case the court said: "There was no pretense that the alleged fraud, if any, was concealed ᛉand not discovered till within ten years before the commencement of his suit. There was no continuing

fraud shown by the evidence . . . the plaintiff's action to set aside the alleged fraudulent conveyances was barred by the statute of limitations.'' See, also, Stark v. Zehnder, supra (204 Mo. 442, 453, 102 S. W. 992). The cases are not controlling here. We think that Sec. 1031, R. S. 1939, is applicable to the facts here, since the defendants, Frazier and wife, by continuing fraudulent conduct concealed the original fraud and prevented and delayed the commencement of the action. The action was timely brought and was not barred by Sec. 1013, supra. Clubine v. Frazier, 346 Mo. 1, 139 S. W. (2d) 529, 531; Branner v. Klaber, 330 Mo. 306, 49 S. W. (2d) 169, 177.

Did the amendment, to conform to facts in evidence, constitute a change of the cause of action? It will be noted that the evidence only tended to show mutual mistake of fact, in that tract #1 was described instead of tract #2, until defendants Frazier and wife testified that they had known all of the time that the deed of trust covered tract #1. After defendants Frazier and wife had testified concerning their knowledge, from the beginning, that tract #1 was described, the evidence tended to show mistake on the one side caused by the fraud of the other, together with active concealment of the original fraud, and the amendment was allowed to conform to the evidence in the record. In each petition reformation was sought of the deed of trust so that it would describe tract #2. The injury complained of in each petition was the failure of the deed of trust to describe tract #2. The purpose of the several actions was to subject tract #2 to the lien of the deed of trust and give to plaintiff the security for the note that the cestui trust named in the deed of trust had intended to take as security for the loan. The loss of the security agreed upon by the parties, as the security for the loan, was the basis on which relief was sought in equity. The reformation of the same deed of trust to comply with the same prior agreement of the parties (concerning the security for the loan) was the essence of the cause of action. The mere fact that the petitions filed prior to the third amended petition charged that the failure of the deed of trust to comply with the original agreement was due to mutual mistake of the parties, while the third amended petition said that such failure was due to mistake on the part of the cestui trust caused by fraud and fraudulent representations on the part of the grantors, did not constitute a change of the cause of action pleaded, nor a departure therefrom. The allegations of the second amended petition were abandoned when the third amended petition was filed and there was no conflict. The trial court did not abuse its discretion in permitting the filing of the third amended petition. Sec. 971, R. S. 1939; Dyer v. Harper, 336 Mo. 52, 77 S. W. (2d) 106, 109; Jensen v. Hinderks, 338 Mo. 459, 92 S. W. (2d) 108; Lee v. W. E. Fuetterer

Battery & Supplies Co., 323 Mo. 1204, 1226, 23 S. W. (2d) 45; Hout's Missouri Pleading and Practice, Vol. I, p. 326, Sec. 158.

The assignments of error are overruled and the judgment is affirmed. *Bradley* and *Van Osdol, CC.,* concur.

PER CURIAM:—The foregoing opinon by DALTON, C., is adopted as the opinion of the court. All the judges concur.