Harvey C. ZAHNER and Wallace E. Zahner, Respondents,

v.

Edna KLUMP, Lawrence Klump, Elmer V. Klump, Viola R. Heintz, Frances Janet and Della M. Cissell, Appellants.

No. 45274.

Supreme Court of Missouri.

Division No. 2.

July 9, 1956.

Robert I. Neuman, A. S. Tepper, Clayton, for appellants.

Leo J. Rozier, Perryville, for respondents.

BOHLING, Commissioner.

This is a suit to reform a deed (Count I) and to quiet title (Count II) to 7.86 acres of unimproved farm land in Perry county, Missouri, allegedly omitted from the description in a deed by mutual mistake. The petition also pleads ownership by adverse possession. Harvey and Wallace E. Zahner, grantees, are plaintiffs. Frank W. Klump, who since died intestate, was the former owner; and his widow and children, his heirs at law are defendants. The court found all issues for plaintiffs. The judgment and decree was for plaintiffs on each count. Defendants have appealed and contend the evidence did not warrant the reformation of the deed; that the finding of adverse possession by plaintiffs was against the weight of the evidence, and that plaintiffs had not acquired the fee simple title to the 7.86 acres.

Frank W. Klump owned a farm in Perry county, Missouri, of 181.38 acres, more or less. He acquired his title through three deeds. The first deed, dated May 16, 1903, purported to convey to him 66.15 acres. The second deed, dated February 10, 1909, purported to convey to him 108.96 acres. The third deed, dated March 6, 1912, purported to convey to him 7.86 acres, the land in controversy.

Mr. Klump listed his farm for sale with John F. Schulte, a real estate broker of Perryville, Missouri, in 1938. All the above land is contiguous. The testimony was it constituted one farm at the time involved; had a fence around the whole of it; was

not fenced into different fields; and the 7.86 acres were not set off from the rest of the farm. Plaintiffs, bachelor sons of Isadore Zahner, lived at the home just across the county road from the land in dispute, and were familiar with the Klump farm. They negotiated with Mr. Schulte for its purchase. They had no dealings with Mr. Klump. Mr. Schulte testified he was selling the entire Klump farm, the 181 acres. Mr. Klump never said anything to him about keeping part of it. Bertha C. Killian, deputy county assessor charged with the duty of keeping the land records current, posting the transfers, etc., testified that the assessor's records showed that 181.16 acres of land was assessed to Mr. Klump in 1939. Glen Balsman, county collector, testified that he had checked the records in said office, and no other land than the 181.16 acres was assessed to Mr. Klump in 1939.

Plaintiffs agreed with Mr. Schulte to purchase. Mr. Schulte testified Mr. Klump told him there was a deed of trust on the land; that, as he recalled, the land was described in four deeds; that he arranged for Mr. Petts, an abstractor, to draft the deed; and that Mr. Petts was to plat the land and describe it "in one deed."

Frank W. Klump and Edna Klump, his wife (now his widow), executed and delivered to plaintiffs their warranty deed, dated, acknowledged and filed for record on December 11, 1939, describing certain real estate by metes and bounds, and purporting to convey "in all One Hundred Eighty-one and 38/100 (181.38) acres, more or less." The deed recites that possession is "to be given on or before March 1st, 1940" to plaintiffs.

Upon the delivery of the deed, December 11, 1939, Harvey Zahner and Mr. Klump went to the collector's office, where Mr. Zahner paid the taxes payable in December, 1939, upon the land and received the tax receipt; and Mr. Klump paid his personal taxes.

In the latter part of 1951, plaintiffs gave a right of way easement to the Citizen's Electric Company to set poles along the 7.86 acres and thereafter first learned that the 7.86 acres were not included in the description in their deed of December 11, 1939. Plaintiffs saw Mr. Petts, who said he would try "to straighten it out," and Mr. Petts later delivered to plaintiffs a quitclaim deed to the 7.86 acres from all of the defendants except Edna Klump and Frances Janet (nee Klump), the widow and a child, respectively, of Frank W. Klump.

■ Defendants contend the evidence did not authorize the reformation of the deed. They say: "It must appear that both the grantor and grantee have done what neither intended." Crouch v. Thompson, 254 Mo. 477, 486, 162 S.W. 149, 151. "A mutual mistake presupposes a prior or preceding agreement between the parties, and this agreement of necessity must be shown." Dougherty v. Dougherty, 204 Mo. 228, 237, 102 S.W. 1099, 1101. And: "The evidence must be clear and convincing as to leave no reasonable doubt either as to the mistake or its mutuality and a lesser quantum of proof will not justify the reformation of the deed." Stephens v. Stephens, Mo., 183 S.W. 572, 573 [2]. In the Crouch case there was no evidence to support a reformation. In the Dougherty case there was no evidence of any agreement save the one expressed in the deed. A reading of the Stephens case indicates that the evidence preponderated in favor of the correctness of the deed and the holding of the trial court. It is stated in Maze v. Boehm, 281 Mo. 507, 512, 220 S.W. 952, 954, [2], that the "proof need not reach the high requirement of 'beyond a reasonable doubt.'" The early case of Leitensdorfer v. Delphy, 15 Mo. 160, 167, 55 Am.Dec. 137, states: "Although it is said that the evidence required to prove a mistake when it is denied must be as satisfactory as if the mistake were admitted, yet this and

similar remarks of judges, however distinguished, form no rule of law to direct courts in dispensing justice. When the mind of a judge is entirely convinced upon any disputed question, whether of fact or law, he is bound to act upon the conviction." See also Fanning v. Doan, 139 Mo. 392, 409 et seq., 41 S.W. 742, 747; McCormick v. Edwards, 351 Mo. 1017, 174 S.W.2d 826, 829 [4]; 45 Am.Jur. 652, § 117; 76 C.J.S., Reformation of Instruments, § 84, p. 454.

In proper instances courts of equity may reform written instruments between the original parties and also between those claiming under them, such as heirs et cetera. Sicher v. Rambousek, 193 Mo. 113, 129, 91 S.W. 68, 72; St. Louis 221 Club v. Melbourne Hotel Corp., Mo.App., 227 S.W.2d 764, 768 [2].

■ When the grantor intends to sell and the grantee intends to buy an entire farm or tract of land and by mistake a part is omitted from the deed, the grantee is entitled to reform the deed to include the part omitted. Ezell v. Peyton, 134 Mo. 484, 489, 36 S.W. 35, 37; Epperson v. Epperson, 161 Mo. 577, 582, 61 S.W. 853, 854; Steger v. Seabaugh, 346 Mo. 728, 142 S.W.2d 1001, 1004.

■ In the instant case defendants offered no witness. Plaintiffs' evidence established that the grantors were selling and grantees were purchasing grantors' entire farm; that the farm consisted of 181 acres; and that grantors' deed, husband and wife joining, did not convey the entire farm and did not convey 181 acres of land. If the chancellor believed plaintiffs' witnesses, it is difficult to perceive how he could arrive at a different result.

Defendants urge, since the deed describes the land by metes and bounds and recites that the land conveyed contains in all 181.38 acres, "more or less," plaintiffs may not have reformation based on the omission of 7.86

acres; citing Clippard v. Kneibert, 206 Mo. App. 144, 226 S.W. 584, 588. The Clippard case does not aid defendants. There, the grantor was selling and the grantee was buying a farm in solido, and the great preponderance of the evidence established that the acreage was an immaterial matter. In the instant case all the evidence is to the effect the sale and purchase was of the entire farm; that it contained 181 acres; and that the deed did not convey the entire farm because it omitted the 7.86 acres.

■ Defendants also say that Mr. Schulte acted as agent for the grantor in having the scrivener draft the deed and the scrivener's mistake was a unilateral, and not a mutual, mistake and affords no ground for the reformation of the deed, stressing Hood v. Owens, Mo., 293 S.W. 774, 779. The Hood case is not this case because, for one reason, there the two daughters knew nothing of the deed of their parents, reserving a life interest, a gift to them, until after its execution. No prior agreement was involved, and the mistake of the scrivener, if a mistake, was the mistake of the parents. Where, as in the instant case, the parties intended that certain land be conveyed in accord with their prior agreement and by mutual mistake failed to convey the land agreed upon, the agency of the scrivener is unimportant. McCormick v. Edwards, 351 Mo. 1017, 174 S.W.2d 826, 828 [1]; Steger v. Seabaugh, supra; General Refractories Co. v. Howard, 328 Mo. 1139, 44 S.W.2d 65, 66.

■ It is not necessary to detail the evidence on the issue of adverse possession. Plaintiffs took possession of the farm, including the 7.86 acres, on March 1, 1940, and continuously thereafter have held such possession. They refenced the entire farm, farmed it, harvested the crops off of it every year, treated it, including the 7.86 acres, as their own property, and paid the taxes. The finding in favor of plaintiffs on this issue was supported by substantial evidence.

What we have said on the issue of the reformation of the deed is sufficient to sustain the judgment on the quiet title count.

The judgment is affirmed.

BARRETT and STOCKARD, CC., concur.

PER CURIAM.

The foregoing opinion by BOHLING, C., is adopted as the opinion of the court.

All concur.